THE SOUTHERN FLOUR COMPANY v. McIVER et al.

*Assignment—Fraud—Injunction—Receiver.*

In an action by creditors to set aside an alleged fraudulent assignment the complaint charged, among other things, that the assignees were insolvent, and that one of them was a fraudulently preferred creditor, and prayed for an injunction and receiver; pending the motion, the plaintiff obtained a rule on the preferred creditor and assignee to show cause why he should not repay the amount of assets he had applied to his own debts. The defendants positively denied the alleged fraud and the insolvency of the assignees, and set out with particularity the facts in relation to their property; and the preferred assignee produced evidence tending to show that the money applied to his debt had been in good faith so appropriated before the commencement of this action. The Court refused to appoint a receiver, or to direct the repayment of the money, but granted an injunction *pendente lite*, and directed the other assignee to take charge of the assets : *Held*, that the judgment should be affirmed.

CIVIL ACTION, from CUMBERLAND Superior Court, heard upon motion before *Boykin, J.,* at Chambers, on 20th August, 1891.

This is a creditors' action. The complaint alleges that the defendants, A. McIver & Son, merchants, became insolvent, and on the 20th of May, 1891, fraudulently conveyed their stock of goods and other property to the other defendants, H. L. Cook and John S. McIver, as assignees, ostensibly for the purpose of paying the debts of their numerous credi-

tors; that they classified the latter, preferring some of them over others, and especially the said John S. as to a large debt, which, it is alleged, was without consideration and fraudulent.   It alleges further, that the conveyance so made is intended to hinder, delay and defraud the creditors of said firm ; that the said Cook and John S. McIver, assignees, are insolvent, &c.   It demands judgment that a receiver be appointed ; that the said assignees be restrained by injunction from disbursing any of the assets that have or shall come into their hands pending the action ; that the deed of assignment be declared void for fraud, and that the proceeds of the property be distributed to the creditors according to their respective rights, &c.

The defendants admit in their several answers the insolvency of the said firm, and the execution of the deed, but positively deny, much in detail, all fraud, fraudulent purposes and practices.   They deny that the said assignees are insolvent; and the said John S., and the said firm especially, deny that his preferred debt is fraudulent, and that he is insolvent, and he specifies much of his property, &c., and the consideration of this debt, &c.

The Court granted an injunction pending the action, but refused to appoint a receiver.   It, however, directed that one of the said assignees, the said Cook, be charged with all the assets of all kinds conveyed to the said assignees; that he collect the assets and hold the same subject to the order of the Court, and that he make report of assets that come into the hands of the said assignees and into his hands, and of disbursements made by them, etc.   He made such report, from which, among other things, it appears that he and the said John S. McIver, on the 27th of May, 1891, paid to the latter his said preferred debt.

Thereupon a Judge, in vacation, granted a rule upon the said John S. McIver to show cause why he should not refund to the said Cook the said sum of money so received by him.

The Court heard the motion in that respect at Chambers. It found the facts and denied the motion, making record thereof as follows:

"The deed of assignment was made on May 20th, 1891. The summons was issued May 28th, 1891, and on that day a restraining order was issued by Whitaker, J., and served on defendant H. L. Cook on May 29th, 1891, and served on defendant John S. McIver on May 30th, 1891.

On May 27th and 28th, 1891, the defendant John S. McIver received of H. L. Cook and John S. McIver, assignees, the sum of $1,003.31, and, upon a motion, to show cause why he, the said John S. McIver, should not refund the said sum to H. L. Cook, who has charge of the fund under order of the Court, the defendant comes in and filed the following answer, to-wit:

' John S. McIver, in answer to the order to show cause, says that the amount of $103.31 was actually applied by said John S. McIver and H. L. Cook, assignees of A. McIver & Son, under the deed of assignment under which they were acting, to the preferred debt of $1,000, before the service of the summons or restraining order herein, and before they had any notice of the same, or of an intention to bring suit; that said money was honestly and *bona fidely* applied to said preferred debt in good faith, according to the direction and terms of said deed of assignment, and at the time before said suit or service of summons or restraining order, the said money had been paid to said John S. McIver on his said debt; that he had no funds in his hands, as assignee, at the time of service of summons and restraining order, except what is accounted for in the report of H. L. Cook, assignee, and he has none now in his hands as assignee, nor since his removal. Affiant prays the Court to grant an order dismissing the motion, and for such other and further relief as he may be entitled to.'"

Upon the hearing, the Court denied the motion to require John S. McIver to refund the money to H. L. Cook, and the plaintiffs appealed from the judgment rendered.

*Messrs. A. Jones* and *J. W. Hinsdale,* for plaintiff.
*Messrs. T. H. Sutton* and *W. E. Murchison,* for defendant.

MERRIMON, C. J.—after stating the case: If it be granted that the Court had authority, upon motion in the course of the action, to grant relief in cases sufficiently proven, such as that invoked by the motion now under review, we think the Court properly denied the motion here.

Apart from the payment of the preferred debt of John S. McIver, one of the assignees, shortly before this action began, the only evidence to support the motion was the sworn complaint used as an affidavit. The allegation of fraud as to that debt was very general; the principal facts stated as evidence of it were, that he was insolvent and son of one and the brother of the other member of the firm which made the deed of assignment. But he and his co-defendants of the firm positively deny the alleged fraud and aver the perfect honesty of the debt, stating the consideration thereof, and that a substantial part of it was money advanced to the firm to aid it in the prosecution of its business. He also denies that he was or is insolvent; he avers his solvency, and states facts much in detail as to his property, going to show that he is solvent. He further swears that the payment of the debt was made before this action began, in good faith, and that he had no notice of the action or a purpose to bring it; that such payment was made fairly and with no fraudulent or dishonest intent. All the defendants positively deny all fraud and fraudulent intent, and give in evidence facts and circumstances tending more or less to sustain their denial as true. There is some evidence of bad faith and fraudulent purpose; but all this is strenuously denied by the defendants,

and they give evidence of facts and circumstances that tend strongly to show good faith and a purpose on the part of John S. McIver to avail himself of an advantage that he might not dishonestly take. The evidence preponderates, as we see it, in favor of the appellee.

The plaintiffs are not entitled to the relief demanded by the motion, unless it appears with reasonable certainty that the transaction and acts complained of are fraudulent and that they will suffer injustice and loss if relief shall not be granted pending the action until the hearing upon the merits. The evidence of the plaintiffs, for the present purpose, in view of that of the defendants, is not satisfactory or sufficient to entitle them to have their motion allowed. It appears strongly that John S. McIver is not insolvent, and they will have their remedy against him when the case shall be disposed of on the whole merits. If it turns out that he and others have perpetrated the alleged fraud, as he may have done, he will be amenable in this action.

Affirmed.